**STONE LAW GROUP, PLC**
Shawn L. Stone, Bar No. 23558
Mallory Powers, Bar No. 30384
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
slstone@stonelawaz.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| NICOLE NORMAN f/n/a NICOLE GREAR,<br><br>Plaintiff,<br><br>vs.<br><br>CONN APPLIANCES, INC. D/B/A CONN'S, a Texas Corporation,<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff is suing Defendant because Defendant harassed Plaintiff for months with collection robo-calls attempting to collect on a consumer credit account used to purchase household goods.

2. Defendant persistently utilized a robo caller to call the Plaintiff's cellular telephone after Plaintiff withdrew Defendant's consent to do so, violating the Plaintiff's privacy rights afforded under federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969),

and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, in its illegal efforts to collect a consumer debt.

6. Venue is proper in this District because the Defendant may be found in this District, and the acts and transactions occurred in this District.

## PARTIES

7. Plaintiff, Nicole Norman f/n/a Nicole Grear ("Norman"), is a natural person who resides in the City of Avondale, County of Maricopa, State of Arizona, and is a "person" as that term is defined by the TCPA.

8. Defendant Conn Appliances, Inc. d/b/a Conn's (Conn's) is a Texas Corporation registered in Arizona as a business corporation authorized to conduct business in Arizona.

9. Defendant Conn's is a home furnishing retail store that continuously and systematically engages in the collecting debts in the state of Arizona.

**FACTUAL ALLEGATIONS**

10. Within the four years immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, namely, debt uncured for the purchase of home furnishings (the "debt").

11. Within the four years immediately preceding the filing of this complaint, Defendant and the collectors employed by Defendant Conn's, repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt without the prior consent of Plaintiff.

*Telephone Consumer Protection Act*

12. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

13. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed

>by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted).

15. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. v. Prism Bus. Media, Inc*., 606 F.3d 443 (7th Cir. Ill. 2010). One Court has ruled that because of the Seventh Circuit's ruling in *CE Design,* it "borders on frivolous" to attempt to challenge this FCC Order in a District Court. *Nelson v. Santander Consumer USA, Inc*., 931 F. Supp. 2d 919, 928-929 (W.D. Wis. 2013)(vacated after settlement).

### *Illegal Auto-Dialed Collection Calls*

16. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

17. Without Plaintiff's prior express consent, Defendant and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt.

18. All calls and messages were sent in willful violation of the TCPA because Defendant never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

19. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

*Summary*

20. All of the above-described collection communications made to Plaintiff by Defendant and Defendant's collection employees employed by Defendant Conn's, were made in violation of numerous and multiple provisions of the TCPA, including but not limited to all of the above-mentioned provisions, amongst others, as well as an invasion of Plaintiff's privacy by the use of repeated calls.

21. Defendant's actions as described herein left the Plaintiff feeling helpless and victimized, as Plaintiff was unable to stop the persistent and intrusive telephoning by the Defendant.

22. Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

23. These persistent autodialed collection calls eliminated the peace and solitude that Plaintiff would have otherwise had.

24. Defendant's actions constituted unauthorized use of, and interference with the Plaintiff's cellular telephone service for which money was paid.

**TRIAL BY JURY**

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 .S.C. § 227** *et seq.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Within the four-year period immediately preceding this action, the Defendant made numerous calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

28. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

30. Defendant did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

31. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

32. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

33. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.
> 15 U.S.C. § 1692(a) (emphasis added).

36. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the**

**privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
15 U.S.C. § 6801(a) (emphasis added).

37.  Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt by calling Plaintiff's cellular telephone, and thereby invading Plaintiff's privacy.

38.  Defendant and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

39.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

40.  The conduct of Defendant and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

41.  Arizona has recognized the right to privacy.

42.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and costs from Defendant in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

# COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 .S.C. § 227 *et seq*.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Conn's and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant Conn's and for Plaintiff;

- for an injunction prohibiting Defendant Conn's from contacting Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

# COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

DATED: November 6, 2015.

STONE LAW GROUP, PLC

/ s / Shawn L. Stone

_____

By:   Shawn L. Stone
       Mallory Powers
       Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND DECLARATION

I, Nicole Norman f/n/a Nicole Grear, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am the Plaintiff in this civil proceeding against Conn Appliances, Inc. d/b/a Conn's.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 11/6/15

Nicole Norman f/n/a Nicole Grear